IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NILESHBHAI GOVINDBHAI CHAUDHARI and KALPANABEN NILESHBHAI CHAUDHARI,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, *Director of the United States Citizenship and Immigration Services*,[1] and the UNITED STATES ATTORNEY,<br><br>Defendants. | ) | 1:25CV356 |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiffs Nileshbhai Govindbhai Chaudhari and Kalpanaben Nileshbhai Chaudhari, who proceed pro se, filed their complaint for mandamus in May 2025, seeking to compel Defendants Joseph B. Edlow, Director of the United States Citizenship and Immigration Services ("USCIS"), and Dan Bishop, United States Attorney for the Middle District of North Carolina, to make a bona fide determination and wait list decision concerning Ms. Chaudhari's pending I-918A, Petition for Qualifying Family Member of U-1 Recipient, and I-765, Application for Employment Authorization.

[1] Joseph B. Edlow was confirmed as the Director of the United States Citizenship and Immigration Services on July 15, 2025. Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Ur Jaddou as defendant in this suit.

(Doc. 1.) In December 2025, Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 7.) Defendants argue simply that USCIS has now issued a Bona Fide Determination Notice concerning Ms. Chaudhari's I-918A petition and an Approval Notice concerning her I-765 application, thereby mooting Plaintiffs' mandamus action. (Doc. 8 at 7.) Further, Defendants concurrently filed a motion to seal both the Bona Fide Determination Notice and the Approval Notice, which were included as exhibits alongside Defendants' motion to dismiss. (Doc. 9.) Plaintiffs have filed no response to either motion, although the court issued a Roseboro letter regarding their right to respond to Defendants' motion to dismiss on December 9, 2025.[2] (Doc. 12.)

Plaintiffs' failure to respond subjects their claims to dismissal under the court's local rules. L.R. 7.3(k) (providing that an uncontested motion ordinarily will be granted without further notice). Even so, the Fourth Circuit requires that the court review Defendants' motion to determine whether it has merit and should be granted. See Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 448 (M.D.N.C. 2005) (citing Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

[2] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." Brooks v. Vassar, 462 F.3d 341, 348 (4th Cir. 2006). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1960). A circumstance that may moot a claim is when "the claimant receives the relief he or she sought to obtain through the claim." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

When Plaintiffs filed their complaint, Ms. Chaudhari's I-918A petition and her related I-765 application remained pending. (Doc. 1.) However, Defendants have provided a copy of Ms. Chaudhari's Bona Fide Determination Notice, which demonstrates that USCIS approved her I-918A petition in July 2025. (Doc. 8-1 (redacted); Doc. 10 (sealed).) Defendants have also provided a copy of her Approval Notice, which similarly demonstrates the approval of her I-765 application in July 2025. (Doc. 8-2 (redacted); Doc. 11 (sealed).) Accordingly, Plaintiffs' claim seeking to compel Defendants to adjudicate Ms. Chaudhari's applications is now moot, and Defendants' motion to dismiss will be granted.

As for Defendants' motion to seal, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The operations of the courts and the judicial

conduct of judges are matters of utmost public concern," Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978), "and the public's business is best done in public," Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013). "When the parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014) (quoting Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000)).

The right of public access derives from both the common law and the First Amendment. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (citation omitted) (quoting Nixon, 435 U.S. at 597). Thus, in any given case, some documents will "fall within the common law presumption of access," while others will be "subject to the greater right of access provided by the First Amendment," and some "may not qualify as 'judicial records' at all." United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) (citing United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995)). Notably, exhibits filed in connection with a motion

to dismiss "are subject to the right of access granted by the First Amendment." ATI Indus. Automation, Inc. v. Applied Robotics, Inc., 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011).

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." Washington Post, 386 F.3d at 576. Procedurally, the court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. Id. "As to the substance, the district court first 'must determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.'" Id. (alteration in original) (quoting Stone, 855 F.2d at 181). "Generally, the public interest in disclosure heightens as the underlying motions are directed more to the merits and as the case proceeds toward trial." SmartSky Networks, LLC v. Wireless Sys. Sols., LLC, 630 F. Supp. 3d 718, 732 (M.D.N.C. 2022). Pursuant to this court's Local Rules, "[n]o motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support." L.R. 5.4(c)(3).

In support of their motion to seal, Defendants cite 8 U.S.C. § 1367 (Doc. 9 at 1-2), which provides that no employee or official of the Department of Justice, nor any employee or official of the Department of Homeland Security, "may permit use by or disclosure to anyone," subject to limited exceptions, "any information which relates to an alien who is the beneficiary of an application for relief under paragraph (15)(T), (15)(U), or (51) of section 101(a) of the Immigration and Nationality Act,"[3] 8 U.S.C. § 1367(a)(2). However, § 1367(a)'s general prohibition against disclosure "shall not be construed as preventing disclosure of information in connection with judicial review of a determination in a manner that protects the confidentiality of such information." 8 U.S.C. § 1367(b)(3).

Here, Defendants seek to seal Ms. Chaudhari's Bona Fide Determination Notice (Doc. 8-1 (redacted); Doc. 10 (sealed)) and Approval Notice (Doc. 8-2 (redacted); Doc. 11 (sealed)). But in their unsealed complaint, Plaintiffs already revealed their personal information, their application status, and every other piece of material information contained within these notices. Plaintiffs even provided full copies of Mr. Chaudhari's Bona Fide Determination Notice and Approval Notice as attachments to the

[3] Undoubtedly, Ms. Chaudhari falls within § 1367(a)'s protection because she is the derivative beneficiary of an application for relief under paragraph (15)(U). (Doc. 8 at 4); see also 8 U.S.C. § 1101(a)(15)(U)(ii).

complaint. Defendants make no argument as to how the public filing of the same documents, only now for Ms. Chaudhari, would harm any compelling interest. See Gonzalez v. Jaddou, No. 18-CV-135, 2021 WL 3686931, at *3 (E.D.N.C. Aug. 18, 2021) (denying the defendants' motion to seal pursuant to § 1367(a) in part because "the relevant information [was] already public").

Moreover, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, remote electronic access to the full case file is limited in immigration cases to "the parties and their attorneys." Fed. R. Civ. P. 5.2(c)(1). Any non-party would only have electronic access to the exhibits at issue at the courthouse. Fed. R. Civ. P. 5.2(c)(2). Accordingly, Defendants have not shown why sealing is necessary in this case, and their motion to seal will be denied.

For the reasons stated,

IT IS ORDERED that Defendants Edlow and Bishop's motion to dismiss (Doc. 7) is GRANTED and that Plaintiffs' complaint (Doc. 1) is DISMISSED.

IT IS FURTHER ORDERED that Defendants' motion to seal (Doc. 9) is DENIED, and docket entries 10 and 11 shall be UNSEALED.

/s/ Thomas D. Schroeder
United States District Judge

February 12, 2026